# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 16-3039-07-CR-S-MDH |
| **CARLOS ALBERTO LUNA**, | |
| Defendant. | |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION

The United States of America, by Tammy Dickinson, United States Attorney, and Timothy A. Garrison, Assistant United States Attorney, both for the Western District of Missouri, hereby moves the Court to detain the defendant, Carlos Alberto Luna, without bail pending trial of this matter and to hold a hearing pursuant to 18 U.S.C. § 3142(f)(2) for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure his appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

    1. In light of the Second Superseding Indictment returned on September 28, 2016, in this case, there is probable cause to believe that Sherwood committed the offenses of:

        a. Conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846;

        b. Conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h); and

    c. Laundering of monetary instruments, in violation of 18 U.S.C. § 2 and § 1956(a)(1)(B)(i) (two counts);

  2. Luna has no known ties to the Western District of Missouri other than his criminal activity, and in the course of his occupation as a truck driver, is a frequent traveler across the U.S. border with Mexico and Canada;

  3. Luna has a history of failing to appear in court in drug-related criminal actions;

  4. Luna has an extensive history of drug-related criminal activity; and

  5. Because of the strength of the evidence against Luna in this case, the substantial mandatory minimum prison sentence he faces, and his frequent border crossings, he poses a serious risk to flee.

## **SUPPORTING SUGGESTIONS**

Title 18, United States Code, Section 3142(f) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure Luna's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which imprisonment for 10 years or more is possible. In this case, Luna is charged by indictment with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, which is a crime which carries a statutory mandatory minimum sentence of imprisonment for a term of 10 years, and affords a maximum sentence of imprisonment for life.

Moreover, Luna has previously been convicted of at least one other felony drug offense. Accordingly, under 21 U.S.C. §§ 841(b)(1)(A) and 851, Luna could be subject to

a mandatory sentence of imprisonment for not less than 20 years.

The Government further submits that in light of the Second Superseding Indictment returned in this case on September 28, 2016, there is probable cause to believe Luna violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).  The analysis of the detention issue in a case involving a mandatory minimum sentence of 10 years begins with the presumption that no condition or set of conditions will reasonably assure a defendant's appearance or assure the safety of the community.  *United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).  While this presumption is not insurmountable, neither is it insignificant:

> [I]f the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable . . . then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  18 U.S.C. § 3142(e)(3)(A), (B), and (E).  In a "presumption case," the defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by *coming forward with evidence* he does not pose a danger to the community or a risk of flight.  *Abad,* 350 F.3d at 797 (citing *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir.2001)).  Once the defendant has met his burden of production relating to these *two factors*, the presumption favoring detention *does not disappear* entirely, but remains a factor to be considered among those weighed by the court.  *Id. See also United States v. Jessup,* 757 F.2d 378, 382–84 (1st Cir. 1985).

*United States v. Khaleel*, 836 F. Supp. 2d 837, 840 (N.D. Iowa 2011) (emphases added).

Title 18, United States Code, Section 3142(e) and (f)(1) provide that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act, as referred to above.  Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the

3

severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, Luna's statutory sentencing range is 10 years to life. Because of his prior conviction for a felony drug offense, however, under 21 U.S.C. § 851, his statutory sentencing range could be significantly higher.

Furthermore, the United States respectfully submits that the likelihood of conviction in this case is very high. During the course of this investigation, Luna and fellow co-conspirators were observed in Springfield, Missouri, in January 2015, having several meetings with known large-scale methamphetamine distributor Patrick Brigaudin, the lead defendant in this case. After meeting with Brigaudin, Luna and his co-conspirators were observed making multiple cash deposits of several thousands of dollars in U.S. currency, in transactions that were clearly structured to avoid currency transaction reporting requirements, at local branch offices of national bank chains such as Bank of America and U.S. Bank. Luna and his co-conspirators were plainly observed by police surveillance and clearly recorded by bank security cameras. Accordingly, given the lengthy sentence he faces, and the high likelihood of conviction in this case, Luna has a strong incentive to flee to avoid prosecution.

Moreover, Luna is a threat to flee not just this jurisdiction, but from the United States, as he has a history of frequent border crossings. His most recent arrest occurred at the Boise Port of Entry border checkpoint, which he entered as he crossed from Canada

4

into the United States while driving a commercial vehicle. Given his familiarity with border controls, Luna should be detained in order to prevent him from fleeing the country.

## **CONCLUSION**

For the reasons set forth above, the United States respectfully asserts that there is no condition or set of conditions that this Court could impose that will ensure the safety of the public or the defendant's appearance before the Court if he were released while awaiting trial. For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

By  /s/ *Timothy A. Garrison*
    TIMOTHY A. GARRISON, Mo. Bar #51033
    Assistant United States Attorney
    901 St. Louis Street, Suite 500
    Springfield, Missouri 65806-2511

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case, and that I have mailed by United States Postal Service the foregoing document to all non-CM/ECF participants in this case.

/s/ *Timothy A. Garrison*
TIMOTHY A. GARRISON
Assistant United States Attorney